**Not yet scheduled for oral argument**

**No. 22-5093**

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

Adam Robinson,

Plaintiff-Appellant,

v.

Department of Homeland Security Office of Inspector General,

Defendant-Appellee.

On Appeal from a Final Judgment of the
United States District Court for the District of Columbia
No. 20-cv-2021, Judge Christopher R. Cooper

**OPENING BRIEF FOR PLAINTIFF-APPELLANT ADAM ROBINSON**

Charles Tucker, Jr.
TUCKER MOORE GROUP, LLP
8181 Professional Place, Suite 117
Hyattsville, MD 20785
(301) 577-1175

Matthew Calabrese
Holly Petersen
Nathan Winshall
    Student Counsel

Brian Wolfman
Esthena L. Barlow
Madeline Meth
GEORGETOWN LAW APPELLATE
    COURTS IMMERSION CLINIC
600 New Jersey Ave., NW,
    Suite 312
Washington, D.C. 20001
(202) 661-6582

Counsel for Appellant Adam Robinson

October 13, 2022

### Certificate as to Parties, Rulings, and Related Cases

**Parties.** The parties on appeal are plaintiff-appellant Adam Robinson and defendant-appellee Department of Homeland Security Office of Inspector General.

**Rulings under review.** The district court's memorandum opinion granting the Government's motion to dismiss for lack of subject-matter jurisdiction is under review. The opinion is available at *Robinson v. Dep't Homeland Sec.*, 2022 WL 715466 (D.D.C. Mar. 10, 2022).

**Related cases.** There are no related cases of which counsel is aware pending before this Court. This Court denied Robinson's petition for initial hearing en banc on May 31, 2022.

/s/ Brian Wolfman

Brian Wolfman

Counsel for Plaintiff-Appellant

## Table of Contents

Certificate as to Parties, Rulings, and Related Cases...........................................i

Table of Authorities ............................................................................iii

Glossary ..........................................................................................viii

Jurisdiction .......................................................................................1

Pertinent Statutory Provision..................................................................1

Issues Presented .................................................................................2

Statement of the Case ..........................................................................3

I.    Factual background ........................................................................3

II.   Procedural background ....................................................................4

Summary of Argument ..........................................................................7

Standard of Review ..............................................................................8

Argument ..........................................................................................9

I.    *King v. Dole* should be overruled. ......................................................9

   A.   Under *Irwin* and its progeny, Section 7703(b)(2)'s 30-day filing period
        is a nonjurisdictional claim-processing rule amenable to equitable
        tolling. .................................................................................9

   B.   This Court should overrule *King* via an *Irons* footnote.........................12

II.   Robinson has presented sufficient facts to establish equitable tolling
      and overcome the Government's motion to dismiss. ...............................15

Conclusion.........................................................................................20

Certificate of Compliance ......................................................................

Certificate of Service ...........................................................................

## Table of Authorities[*]

**Cases**  **Page(s)**

*Al Bahlul v. United States*,
  767 F.3d 1 (D.C. Cir. 2014) (en banc) ................................................6

*Am. Nat. Ins. Co. v. F.D.I.C.*,
  642 F.3d 1137 (D.C. Cir. 2011) ..................................................... 8-9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .........................................................................16

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .........................................................................16

*Blackmon-Malloy v. U.S. Capitol Police Bd.*,
  575 F.3d 699 (D.C. Cir. 2009) ..........................................................6

*Blaney v. United States*,
  34 F.3d 509 (7th Cir. 1994) .............................................................14

*Boechler, P.C. v. Comm'r of Internal Revenue*,
  142 S. Ct. 1493 (2022) ....................................................8, 10, 11, 12

*In re Bonvillian Marine Serv., Inc.*,
  19 F.4th 787 (5th Cir. 2021) ............................................................15

*Butler v. West*,
  164 F.3d 634 (D.C. Cir. 1999) ...........................................................4

*Cloer v. Sec'y of Health & Hum. Servs.*,
  654 F.3d 1322 (Fed. Cir. 2011) (en banc) ......................................15

*Crowley Gov't Servs., Inc. v. Gen. Serv. Admin.*,
  38 F.4th 1099 (D.C. Cir. 2022) .....................................................3, 8

---

[*] Authorities upon which we chiefly rely are marked with asterisks.

*Dean v. Veterans Admin. Reg'l Off.,*
    943 F.2d 667 (6th Cir. 1991)....................................................................14

*Dunn v. Baca,*
    2020 WL 2525772 (D. Nev. May 18, 2020)....................................................17

*Fort Bend County v. Davis,*
    139 S. Ct. 1843 (2019)........................................................................10

*Hawver v. United States,*
    808 F.3d 693 (6th Cir. 2015)..................................................................15

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.,*
    322 U.S. 238 (1944)...........................................................................16

*Head v. Wilson,*
    792 F.3d 102 (D.C. Cir. 2015).................................................................16

*Henderson v. Shinseki,*
    562 U.S. 428 (2011)...........................................................................10

*Herbert v. Nat'l Acad. of Sci.,*
    974 F.2d 192 (D.C. Cir. 1992)..................................................................3

*Holland v. Florida,*
    560 U.S. 631 (2010)...........................................................................16

*Irons v. Diamond,*
    670 F.2d 265 (D.C. Cir. 1981).................................................................13

*Irwin v. Dep't of Veterans Affairs,*
    498 U.S. 89 (1990)...................................................................2, 6, 7, 9, 10

*Jackson v. Modly,*
    949 F.3d 763 (D.C. Cir. 2020)........................................................12, 13, 15

*King v. Dole,*
    782 F.2d 274 (D.C. Cir. 1986) (per curiam) .................................2, 6, 7, 12, 14

*Kontrick v. Ryan,*
    540 U.S. 443 (2004).................................................................10

*Ex parte McCardle,*
    74 U.S. (7 Wall.) 506 (1869) .................................................6

*MedImmune, Inc. v. Genentech, Inc.,*
    549 U.S. 118 (2007).................................................................6

*Menominee Indian Tribe of Wisconsin v. United States,*
    764 F.3d 51 (D.C. Cir. 2014), *aff'd*, 577 U.S. 250 (2016) ..........16, 17

*Monroe v. United States,*
    2020 WL 6547646 (E.D. Va. Nov. 6, 2020) .....................................17

*Montgomery v. Comm'r. of Social Sec.,*
    403 F. Supp. 3d 331 (S.D.N.Y. 2018) ...........................................20

*Montoya v. Chao,*
    296 F.3d 952 (10th Cir. 2002)...................................................14

*Nat'l Fed'n of Indep. Bus. v. Dep't of Labor,*
    142 S. Ct. 661 (2022)............................................................17

*Nunnally v. MacCausland,*
    996 F.2d 1 (1st Cir. 1993).......................................................14

*P & V Enters. v. U.S. Army Corps of Eng'rs,*
    516 F.3d 1021 (D.C. Cir. 2008)..................................................14

*Pace v. DiGuglielmo,*
    544 U.S. 408 (2005).............................................................16

*Phillips v. Heine,*
    984 F.2d 489 (D.C. Cir. 1993)...................................................16

*Scary v. Phila. Gas Works,*
    202 F.R.D. 148 (E.D. Pa. 2001)..................................................20

*Schnitzer v. Harvey*,
    389 F.3d 200 (D.C. Cir. 2004)..............................................................3

*Sebelius v. Auburn Reg'l Med. Ctr.*,
    568 U.S. 145 (2013)...........................................................................9

*Smith v. Davis*,
    953 F.3d 582 (9th Cir. 2020)...........................................................18

*Smith v. Holder*,
    806 F. Supp. 2d 59 (D.D.C. 2011)...................................................20

*Socha v. Boughton*,
    763 F.3d 674 (7th Cir. 2014)...........................................................17

*Spannaus v. U.S. Dep't of Justice*,
    824 F.2d 52 (D.C. Cir. 1987)...........................................................14

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998).............................................................................6

*United States v. King*,
    2022 WL 579483 (D.D.C. Feb. 25, 2022).......................................17

*United States v. Kwai Fun Wong*,
    575 U.S. 402 (2015)........................................................9, 10, 11, 12

*Volpicelli v. United States*,
    777 F.3d 1042 (9th Cir. 2015).........................................................15

*Washington v. Garrett*,
    10 F.3d 1421 (9th Cir. 1993)...........................................................14

*Young v. Sec. & Exch. Comm'n*,
    956 F.3d 650 (D.C. Cir. 2020).........................................................15

**Statutes**

5 U.S.C. § 4303...............................................................................4, 18

5 U.S.C. § 7702(a)(1) ...................................................................................4

5 U.S.C. § 7702(a)(3)(A) ..............................................................................5

5 U.S.C. § 7703(b)(2) .......................................... 1, 2, 4, 5, 11, 12, 14, 15

26 U.S.C. § 6213(a) ....................................................................................11

28 U.S.C. § 1291 ...........................................................................................1

28 U.S.C. § 2401(a) ...............................................................................13, 14

**Other Authorities**

*In Re: Further Extension of Postponed Court Proceedings in*
    *Standing Order 20-9 and Limiting Court Operations in Exigent*
    *Circumstances by the COVID-19 Pandemic*,
    No-20-9 (BAH) (D.D.C. May 26, 2020), available at
    https://perma.cc/Z4VE-74CE ............................................................. 17-18, 19

John Norton Pomeroy, *A Treatise on Equity Jurisprudence as*
    *Administered in The United States of America* (1881).....................................18

Policy Statement on En Banc Endorsement of Panel Decisions
    (Jan. 17, 1996), available at https://perma.cc/7W33-A4WH.................12, 13

## Glossary

| | |
|---|---|
| Joint Appendix | JA |
| Merit Systems Protection Board | MSPB |
| Memorandum of Record | MOR |

## Jurisdiction

Robinson's district-court complaint challenges a decision of the Merit Systems Protection Board (MSPB) holding that the termination of Robinson's employment did not violate the Civil Service Reform Act or Title VII of the Civil Rights Act. Joint Appendix (JA) 8-10. The district court was authorized to review the MSPB's decision under 5 U.S.C. § 7703(b)(2). Whether the 30-day filing period in Section 7703(b)(2) constrains the district court's subject-matter jurisdiction is at issue in this appeal.

On March 10, 2022, the district court granted the Government's motion to dismiss for lack of subject-matter jurisdiction, disposing of all claims of all parties. JA 76. On April 1, 2022, Robinson timely filed a notice of appeal. *Id.* at 85. This Court has jurisdiction under 28 U.S.C. § 1291.

## Pertinent Statutory Provision

5 U.S.C. § 7703(b)(2) provides:

> Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

1

**Issues Presented**

**1.**  Plaintiff-appellant Adam Robinson's complaint was filed one day after the expiration of the 30-day filing period in 5 U.S.C. § 7703(b)(2). The district court held that the tardiness of Robinson's complaint gave it no choice but to dismiss because, under *King v. Dole*, 782 F.2d 274 (D.C. Cir. 1986) (per curiam), Section 7703(b)(2)'s 30-day filing period is a jurisdictional time bar not amenable to any equitable exceptions.

The first issue is whether *King v. Dole* should be overruled because, in light of *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), and its progeny, Section 7703(b)(2) is a nonjurisdictional claim-processing rule subject to equitable tolling.

**2.** During the onset of the COVID-19 pandemic, plaintiff-appellant Adam Robinson drafted a pro se federal-court complaint challenging a decision of the MSPB under 5 U.S.C. § 7703(b)(2). Four days before Section 7703(b)(2)'s 30-day filing period would have expired, Robinson called the district court clerk's office. An employee there informed Robinson that the court was not strictly enforcing filing deadlines because of the public-health emergency. Acting on this information, on that same day, Robinson mailed his complaint to the district court. Robinson's complaint was filed one day late.

Assuming Section 7703(b)(2)'s filing period is a nonjurisdictional claim-processing rule, the second issue is whether Robinson has presented facts that warrant equitable tolling at the motion-to-dismiss stage.

## Statement of the Case

### I.  Factual background

The following facts are taken from Adam Robinson's amended complaint and declarations, which the district court considered in granting the Government's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). JA 7-14, 58-70; *see Herbert v. Nat'l Acad. of Sci.*, 974 F.2d 192, 197 (D.C. Cir. 1992). Under these circumstances, this Court accepts as true the facts presented by the plaintiff. *Crowley Gov't Servs., Inc. v. Gen. Serv. Admin.*, 38 F.4th 1099, 1102 n.3 (D.C. Cir. 2022) (citing *Schnitzer v. Harvey*, 389 F.3d 200, 202 (D.C. Cir. 2004)).

Robinson, an African American man, worked as a Program Analyst at the Department of Homeland Security's Office of Inspector General. JA 8-9. Robinson was assigned to what is known as an ICE Removals project, which identifies barriers faced by agency officers seeking to remove undocumented detained immigrants. *Id*. Robinson conducted lengthy interviews with these officers and recorded their experiences in memoranda of records (MORs). *Id.*

Robinson maintains that his supervisor and peers subjected him to unfair and inconsistent performance standards. Robinson's MORs were reviewed and edited by Lorraine Eide—the team leader managing Robinson's work. JA 9. Eide routinely applied more stringent standards to Robinson compared to the standards applied to Donna Ruth, Robinson's white female colleague—who also worked on his ICE Removal team. *Id*. Ruth served as an additional reviewer of Robinson's MORs and would routinely insert a

litany of incorrect statements into his MORs that did not accurately reflect the interviews. *Id.* at 62. Concerned with the integrity of the project and his own professional reputation, Robinson did not finalize and submit the MORs containing the false information added by Ruth. *See id.* at 63.

Eide and Donna Mellies (Robinson's supervisor) did not care whether the MORs contained inaccuracies. *See* JA 62-63. So, Mellies punished Robinson by issuing an Opportunity to Demonstrate Adequate Performance—effectively placing him on probation—and ordered him to finalize the inaccurate MORs. *Id* at 68-69.

Robinson then filed an internal agency equal employment opportunity complaint alleging that he had been discriminated against on the basis of his race and sex. JA 8. Mellies continued to evaluate Robinson's work more harshly than she did Ruth's comparable work. *See* JA 9, 12. After filing his complaint, Robinson was fired on the pretext that he did not complete his work satisfactorily. *Id.* at 12.

## II.    Procedural background

In February 2019, Robinson challenged his termination before the MSPB. JA 8, 15. Robinson brought what is known as a "mixed case," which combines a Title VII discrimination claim with a challenge to job termination under the Civil Service Reform Act, 5 U.S.C. § 4303. *Id.* at 8, 77; *see Butler v. West*, 164 F.3d 634, 638 (D.C. Cir. 1999); 5 U.S.C. §§ 7702(a)(1), 7703(b)(2).

On May 20, 2020, the MSPB issued a final decision adverse to Robinson. JA 15. In a mixed case, a plaintiff seeking further review must sue in federal district court "within 30 days after the date the individual filing the case received notice of the judicially reviewable [MSPB] action." 5 U.S.C. § 7703(b)(2). Thus, Robinson had until June 19, 2020, to sue in district court. JA 50, 55-56.[1]

Acting pro se, on June 15, 2020—during the early stages of the COVID-19 pandemic and four days before the 30-day filing period would expire—Robinson called the district court clerk's office. JA 59, 70. An employee there informed Robinson that "filing deadlines were not being strictly enforced due to the Covid-19 pandemic." *Id.* at 59. That same day, Robinson mailed his complaint to the clerk's office via regular U.S. mail. *Id.* at 59, 70. On June 20, 2020, the clerk's office filed Robinson's complaint one day late. ECF 1. Robinson did not obtain counsel until after his complaint was filed.

The Government moved to dismiss Robinson's complaint for lack of subject-matter jurisdiction under Rule 12(b)(1). The Government relied on

---

[1] The phrase "judicially reviewable action" in Section 7703(b)(2) refers to a "decision of the [MSPB]" in "mixed" cases when, as here, the employee does not petition the Equal Employment Opportunity Commission for further review. 5 U.S.C. § 7702(a)(3)(A). The decision in Robinson's case, of which Robinson received notice, became a "decision of the [MSPB]" on May 20, 2020, 35 days after its issuance. JA 50. The parties do not dispute that Robinson's 30-day period began to run on May 20, 2020.

*King v. Dole*, 782 F.2d 274 (D.C. Cir. 1986) (per curiam), which held that Section 7703(b)(2)'s 30-day filing period is jurisdictional.

The district court granted the Government's motion. JA 76. The court held that because Robinson filed his claim one day late, it "lack[ed] jurisdiction to hear the case and must dismiss it." *Id.* at 81 (citing *King*, 782 F.2d 274). The court observed that "*King* has been subject to some criticism," noting that other circuits "have concluded, following the Supreme Court's decision in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990), that § 7703(b)(2)'s 30-day time limit is not jurisdictional and can be equitably tolled." *Id.* at 82. But the district court held that it was bound by *King* "unless and until the D.C. Circuit overrules" it. *Id.*[2]

Once a federal court finds that it lacks subject-matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869)). The district court nevertheless went on to observe in dicta that "[e]ven if the

---

[2] Although Robinson accepted that *King* controlled below, *see* JA 80, 82 n.4, its validity is properly before this Court because the district court passed on the issue when it dismissed the complaint based on *King*. *See Blackmon-Malloy v. U.S. Capitol Police Bd.*, 575 F.3d 699, 707 (D.C. Cir. 2009). And litigants need not question controlling authority in a lower tribunal to preserve a challenge for appellate review. *See Al Bahlul v. United States*, 767 F.3d 1, 10 n.5 (D.C. Cir. 2014) (en banc); *see also MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 125 (2007).

Court were free to disregard *King*, Robinson still would not clear the high bar for equitable tolling." JA 82. The court reasoned that Robinson could not rely on the clerk's office employee's statement to excuse his late filing because Robinson mailed the complaint on the same day that he called the clerk's office, and the clerk's office cannot extend statutory deadlines. *Id*. The court never addressed the possibility that Robinson was entitled to tolling because he was misled by the employee's statement that deadlines were not being strictly enforced due to COVID-19. *See id*.[3]

Robinson sought initial hearing en banc, asking this Court to overrule *King* in light of *Irwin* and its progeny. On May 31, 2022, this Court denied Robinson's petition. JA 86.

## Summary of Argument

**I.** This Court's decision in *King* should be overruled. *King*'s premise—that filing deadlines running in favor of the government are jurisdictional and not subject to equitable tolling—has eroded under the weight of three decades of Supreme Court precedent. Starting with *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), and extending to last Term's unanimous

---

[3] After the court dismissed the complaint for lack of subject-matter jurisdiction under *King*, it denied the Government's motion in the alternative for summary judgment, *see* JA 84, which focused mainly on the merits of Robinson's employment claims but argued briefly that Robinson was not entitled to equitable tolling, principally on the ground that Section 7703(b)(2) is jurisdictional and thus not subject to any equitable exceptions. ECF 24-3 at 6; *see also* ECF 29 at 3-4.

decision in *Boechler, P.C. v. Commissioner of Internal Revenue*, 142 S. Ct. 1493 (2022), the Court has repeatedly held that all statutory filing deadlines—whether involving private parties or the government—are presumptively nonjurisdictional and subject to equitable tolling absent a clear contrary statement by Congress.

Other circuits, following the Supreme Court's cue, have held that Section 7703(b)(2)'s 30-day filing period is a nonjurisdictional claim-processing rule subject to equitable tolling. And, post-*King*, this Court has ruled that other statutory filing deadlines are nonjurisdictional in light of *Irwin*. Conditions are thus ripe for this Court to overrule *King* via an *Irons* footnote.

**II.** Robinson has presented enough facts to survive the Government's motion to dismiss on equitable-tolling grounds. Robinson diligently pursued his claim pro se, and, when confronted with the logistical complications of COVID-19, he called the district court clerk's office, which gave him faulty advice that deadlines were not being strictly enforced. These conditions entitle Robinson to one day of forbearance.

### Standard of Review

"A district court's dismissal for lack of subject matter jurisdiction is reviewed *de novo*." *Crowley Gov't Servs., Inc. v. Gen. Servs. Admin.*, 38 F.4th 1099, 1105 (D.C. Cir. 2022) (citation omitted). This Court accepts all "material factual allegations" as true and construes them liberally, "granting plaintiff the benefit of all inferences" derived from those facts. *Am. Nat. Ins. Co. v.*

*F.D.I.C.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citations and quotation marks omitted).

**Argument**

**I.**   *King v. Dole* **should be overruled.**

**A.**   **Under** *Irwin* **and its progeny, Section 7703(b)(2)'s 30-day filing period is a nonjurisdictional claim-processing rule amenable to equitable tolling.**

A long line of post-*King* Supreme Court precedent establishes a presumption that statutory filing deadlines, including those running in favor of the government, are nonjurisdictional claim-processing rules subject to equitable tolling absent a clear contrary statement by Congress. Nothing in Section 7703(b)(2) rebuts that presumption.

**1.** Courts may treat statutes of limitations as jurisdictional "only if Congress has 'clearly state[d]' as much." *United States v. Kwai Fun Wong*, 575 U.S. 402, 409 (2015) (quoting *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013)). Beginning with *Irwin v. Department of Veterans Affairs*, the Court has sought to bring clarity to the lower federal courts by ending its "ad hoc" approach in favor of a "general rule" holding that filing deadlines for suits against the government are subject to equitable tolling. 498 U.S. 89, 95 (1990). The prior approach, the Court stated, had "the disadvantage of continuing unpredictability without the corresponding advantage of greater fidelity to the intent of Congress." *Id.* at 95. Thus, *Irwin* explained, a "rebuttable

9

presumption of equitable tolling" applies to "suits against the United States." *Id.* at 95-96.

In the years since, the Supreme Court has repeatedly affirmed *Irwin*'s holding that statutory filing deadlines running in favor of the government are presumptively nonjurisdictional claim-processing rules subject to equitable tolling. *See, e.g.*, *Boechler, P.C. v. Comm'r of Internal Revenue*, 142 S. Ct. 1493, 1500 (2022); *Kwai Fun Wong*, 575 U.S. at 410. Just last Term in *Boechler*, a unanimous Court explained that "[e]quitable tolling is a traditional feature of American jurisprudence and a background principle against which Congress drafts limitations periods," so courts should "not understand Congress to alter that backdrop lightly." 142 S. Ct. at 1500 (citing *Irwin*, 498 U.S. at 95-96).

Claim-processing rules "simply instruct 'parties [to] take certain procedural steps at certain specified times' without conditioning a court's authority to hear the case on compliance with those steps." *Boechler*, 142 S. Ct. at 1497 (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). Conversely, a jurisdictional rule "mark[s] the bounds of a 'court's adjudicatory authority.'" *Id.* (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)). It tells a court which class of cases it may decide or which category of persons over whom it may exercise authority. *See Fort Bend County v. Davis*, 139 S. Ct. 1843, 1848 (2019) (citing *Kontrick*, 540 U.S. at 455). The distinction between jurisdictional requirements and nonjurisdictional claim-processing rules is important because "[j]urisdictional requirements cannot

be waived or forfeited, must be raised by courts *sua sponte*, and … do not allow for equitable exceptions." *Boechler*, 142 S. Ct. at 1497 (citations omitted).

Mindful of these characteristics, the Supreme Court has held that the words of a statute "must plainly show that Congress imbued a procedural bar with jurisdictional consequences." *Boechler*, 142 S. Ct. at 1497 (quoting *Kwai Fun Wong*, 575 U.S. at 410). Put otherwise, statutory filing deadlines should only be read to be jurisdictional if "the text … clearly mandate[s]" it. *Id.* at 1498.

**2.** Applying the Supreme Court's modern precedent to Section 7703(b)(2)'s 30-day filing period reveals a "quintessential claims processing rule[]," *Kwai Fun Wong*, 575 U.S. at 410 (citation omitted), because Section 7703(b)(2) sets forth the steps a litigant must take rather than "conditioning a court's authority to hear the case on compliance with those steps." *Boechler*, 142 S. Ct. at 1497. Section 7703(b)(2) states that a suit "must be filed within 30 days" from when the litigant received notice of the MSPB's decision. Like most filing deadlines, Section 7703(b)(2) is "framed in mandatory terms." *Kwai Fun Wong*, 575 U.S. at 410. But that is not enough "to tag a statute of limitations as jurisdictional and so prohibit a court from tolling it." *Id.* Instead, "Congress must do something special, beyond setting an exception-free deadline." *Id.*; *compare, e.g.*, 26 U.S.C. § 6213(a) (providing that "[t]he Tax Court *shall have no jurisdiction* to enjoin any action or proceeding or order any

11

refund under this section unless a timely petition for a redetermination of the deficiency has been filed …") (emphasis added).

Here, Congress has done nothing to indicate that the 30-day filing period is jurisdictional. Section 7703(b)(2) uses "mundane statute-of-limitations language" and speaks only to the obligations of the prospective litigant. *See Kwai Fun Wong*, 575 U.S. at 410-11. And, as indicated, it "speaks only to a claim's timeliness, not to a court's power." *Id.* at 410. Thus, the text does not clearly "mandate [a] jurisdictional reading." *Boechler*, 142 S. Ct. 1498. The statute's text is also silent on whether Congress sought to override the general "background principle" that federal courts have the power to toll filing deadlines. *Id.* at 1500. Thus, Section 7703(b)(2)'s 30-day filing deadline is a nonjurisdictional claim-processing rule subject to equitable tolling.

## B.    This Court should overrule *King* via an *Irons* footnote.

As just explained, *King v. Dole*, 782 F.2d 274 (D.C. Cir. 1986) (per curiam), cannot be squared with Supreme Court precedent. And *King* is also at odds with the combined weight of circuit authority, including a recent on-point precedent of this Court. Thus, like this Court did with respect to an analogous statutory filing deadline, *see Jackson v. Modly*, 949 F.3d 763, 776 & n.14 (D.C. Cir. 2020), *King* should be overruled via an *Irons* footnote. *See* Policy Statement on En Banc Endorsement of Panel Decisions (Jan. 17, 1996)

(Policy Statement) (citing *Irons v. Diamond*, 670 F.2d 265, 267-68 & n.11 (D.C. Cir. 1981)).[4]

Applying this Court's *Irons* policy, the circumstances here "do not warrant the heavy administrative burdens of full *en banc* hearing." Policy Statement at 1 (citing *Irons*, 670 F.2d at 267-68 & n.11). Cases amenable to use of an *Irons* footnote include when "an intervening Supreme Court decision, or the combined weight of authority from other circuits" convince a panel of this Court that circuit precedent "is clearly an incorrect statement of current law." *Id.* After circulating a draft opinion and memorandum, "an absolute majority of the active members of the court" must vote to overrule the errant precedent. *Id* at 2. This Court has already denied a request for initial hearing en banc, JA 86, so the *Irons* procedure is a sensible means for abrogating *King*.

**1.** This case does not justify the administrative burden of a full en banc hearing. This Court recently came to that conclusion with respect to a similar question in *Jackson v. Modley*, 949 F.3d at 776 & n.14. There, this Court applied the *Irwin* presumption and held that the general six-year filing deadline for claims against the government, *see* 28 U.S.C. § 2401(a), is a claim-processing rule subject to equitable tolling, rather than a no-exceptions, jurisdictional bar. *Jackson*, 949 F.3d at 776-77. In doing so, *Jackson* overruled prior precedents of this Court via an *Irons* footnote. *Id.* at 776 & n.14 (abrogating the "long-held rule" that Section 2401(a) is jurisdictional and citing the now-

---

[4] Available at https://perma.cc/7W33-A4WH.

overruled decisions in *P & V Enters. v. U.S. Army Corps of Eng'rs*, 516 F.3d 1021, 1026 (D.C. Cir. 2008), and *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987)).

**2.** Post-*King* Supreme Court decisions and the combined weight of authority from other circuits demand that *King* be overruled. As already shown (at 9-12), *King* cannot be reconciled with a long line of subsequent Supreme Court precedent.

The combined weight of circuit authority also signals that *King* is wrong. Circuits examining Section 7703(b)(2) after *Irwin* have uniformly held that it is a nonjurisdictional claim-processing rule subject to equitable tolling. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002); *Blaney v. United States*, 34 F.3d 509, 513 (7th Cir. 1994); *Nunnally v. MacCausland*, 996 F.2d 1, 4 & n.5 (1st Cir. 1993); *Washington v. Garrett*, 10 F.3d 1421, 1437 (9th Cir. 1993); *cf. Dean v. Veterans Admin. Reg'l Off.*, 943 F.2d 667, 670 (6th Cir. 1991) (holding that Section 7703(b)(2) is jurisdictional based on earlier precedent but noting that "[i]f we were writing on a clean slate, we might well be persuaded" otherwise).

Outside the Section 7703(b)(2) context, the courts of appeals (including this Court) have relied on the *Irwin* presumption to overrule circuit precedent that classified other statutory filing deadlines as jurisdictional. In *Jackson*, as already noted, this Court employed an *Irons* footnote to overrule prior circuit precedent holding that 28 U.S.C. § 2401(a)'s six-year filing deadline is a nonjurisdictional claim-processing rule amenable to equitable

14

tolling. *Jackson*, 949 F.3d at 776 & n.14. The en banc Federal Circuit came to the same conclusion when overruling circuit precedent that classified filing deadlines under the Vaccine Act as jurisdictional. *See Cloer v. Sec'y of Health & Hum. Servs.*, 654 F.3d 1322, 1340-42 (Fed. Cir. 2011) (en banc).

Panels in other circuits, acting without the imprimatur of an en banc court, found *Irwin* and its progeny so clear that that they overruled circuit precedent and held statutory filing deadlines were nonjurisdictional claim-processing rules subject to equitable tolling. *See In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 794 (5th Cir. 2021); *Hawver v. United States*, 808 F.3d 693, 694 (6th Cir. 2015); *Volpicelli v. United States*, 777 F.3d 1042, 1045-47 (9th Cir. 2015).

In sum, this Court should employ the *Irons* procedure to overrule *King* and hold that Section 7703(b)(2)'s 30-day filing period is a nonjurisdictional claim-processing rule amenable to equitable tolling.

## II. Robinson has presented sufficient facts to establish equitable tolling and overcome the Government's motion to dismiss.

If Section 7703(b)(2)'s 30-day filing period is a nonjurisdictional claim-processing rule, as we maintain, then Robinson has presented sufficient facts to establish equitable tolling and overcome the Government's motion to dismiss.

Equitable tolling should be granted when a litigant "has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way." *Young v. Sec. & Exch. Comm'n*, 956 F.3d 650, 655 (D.C. Cir. 2020)

15

(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). True, a litigant must clear a high bar before a court will equitably toll a filing deadline. *See Head v. Wilson*, 792 F.3d 102, 111 (D.C. Cir. 2015). But courts must also obey equity's purpose: "to 'relieve hardships … aris[ing] from a hard and fast adherence' to more absolute legal rules." *Holland v. Florida*, 560 U.S. 631, 650 (2010) (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 248 (1944)). Thus, "equitable tolling must be applied flexibly, case by case, without retreating to 'mechanical rules' or 'archaic rigidity.'" *Menominee Indian Tribe of Wisconsin v. United States*, 764 F.3d 51, 58 (D.C. Cir. 2014), *aff'd*, 577 U.S. 250 (2016) (quoting *Holland*, 560 U.S. at 649-50).

Furthermore, at this pre-trial stage, a litigant seeking forbearance need not prove conclusively that equitable relief is appropriate. Instead, in response to a motion to dismiss, a litigant like Robinson need only present "sufficient factual matter, accepted as true, to state a claim" for equitable tolling "that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks omitted). This Court also views "the justifications for delay … in the light most favorable to plaintiff." *Phillips v. Heine*, 984 F.2d 489, 492 (D.C. Cir. 1993). Robinson has met these standards.

Extraordinary circumstances—precipitated by the outbreak of COVID-19—stood in Robinson's way. "To count as sufficiently 'extraordinary' to support equitable tolling, the circumstances that caused a litigant's delay must have been beyond its control." *Menominee Indian Tribe of Wisconsin*, 764

F.3d at 58 (citation omitted). The regional outbreak of a global pandemic was (of course) not within Robinson's control. *See, e.g.*, *Dunn v. Baca*, 2020 WL 2525772, at *2 (D. Nev. May 18, 2020) ("[T]he COVID-19 pandemic is an extraordinary circumstance that is preventing parties from meeting deadlines established both by rules and by statutes."); *cf. Nat'l Fed'n of Indep. Bus. v. Dep't of Labor*, 142 S. Ct. 661, 670 (2022) (Breyer, J., dissenting) ("Every day, COVID–19 poses grave dangers to the citizens of this country … [t]he disease has by now killed almost 1 million Americans and hospitalized almost 4 million.").

And COVID-19 did not just impose a singular extraordinary circumstance, but instead "creat[ed] logistical hurdles (to say the least) in almost every aspect of life, legal practice included." *See United States v. King*, 2022 WL 579483, at *8 (D.D.C. Feb. 25, 2022). Thus, considering "the full picture with which [a litigant] is contending," *Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014), courts have tolled filing deadlines when pro se litigants have encountered "issues in attempting to timely file … while facing the impact of a global pandemic." *See Monroe v. United States*, 2020 WL 6547646, at *3 (E.D. Va. Nov. 6, 2020).

Robinson faced head-on the regional impacts of the pandemic while attempting to file his case pro se. During the 30-day filing period, the District of Columbia, and the surrounding areas of Virginia and Maryland (including where Robinson lives), were under emergency COVID-19 restrictions. *See In Re: Further Extension of Postponed Court Proceedings in*

*Standing Order 20-9 and Limiting Court Operations in Exigent Circumstances by the COVID-19 Pandemic*, No-20-9 (BAH) at 1-2 & n.1 (D.D.C. May 26, 2020) (District Court COVID-19 Emergency Order) (collecting emergency orders from Virginia, Maryland, and the District of Columbia).[5] Most institutions were closed or operating under modified procedures. And the institutions that remained open—like the district court—were subject to limited operations. *See id*. But for the chaotic onset of the pandemic, Robinson may have personally brought his complaint to the district court. Instead, Robinson sensibly decided to call the district court clerk's office to seek clarification on the filing of his claim. *See* JA 59, 70. When considering the full picture Robinson faced—and his pro se status—it was reasonable for Robinson to rely on the information he received from the district court in deciding to submit his claim via U.S. mail.

Robinson also diligently pursued his rights. To be sure, "equity aids the vigilant, not those who slumber on their rights." *Smith v. Davis*, 953 F.3d 582, 590 (9th Cir. 2020) (quoting 1 John Norton Pomeroy, *A Treatise on Equity Jurisprudence as Administered in The United States of America* 393 (1881)). Far from slumbering, Robinson tenaciously pursued his rights throughout this litigation. After being fired, Robinson timely brought a mixed claim before the MSPB, alleging wrongful termination under the Civil Service Reform Act, 5 U.S.C. § 4303, and discrimination under Title VII. JA 8, 15. And after

---

[5] Available at https://perma.cc/Z4VE-74CE.

18

litigating his case before the MSPB (including a two-day hearing, *see* JA 15), Robinson—still acting pro se—drafted a district-court complaint to challenge the MSPB's adverse decision. ECF 1.

Facing emergency COVID-19 restrictions at his home in Montgomery County, Maryland, *see* JA 7, and in the District of Columbia, on June 15, 2020, Robinson "called the clerk's office to ask about the processing of mail during the Covid-19 outbreak and was informed that filing deadlines during this period were not being strictly enforced due to the pandemic." JA 70; *see also* JA 59; District Court COVID-19 Emergency Order at 1 & n.1 (citing emergency orders in effect in Montgomery County and the District of Columbia on June 15, 2020, when Robinson called the district court clerk's office). Reasonably acting on this information, Robinson mailed his complaint the same day of his conversation with the clerk's office (four days before the filing deadline). JA 59, 70. The complaint was filed just one day late, on June 20, 2020. ECF 1.[6]

---

[6] In a supplemental response to the Government's motion to dismiss and motion in the alternative for summary judgment, Robinson submitted factual material that principally concerned the merits of his underlying employment claims, but also included a signed declaration with the facts relevant to his equitable-tolling claim. *See* ECF 30, 30-1, 30-2, 30-3; JA 70. The Government objected that Robinson's submission was procedurally defective. ECF 32. But Robinson's signed declaration, as the district court noted, contained "no additional evidence" beyond what was in the unsigned declaration that Robinson earlier submitted in support of his opposition to

Even absent the kind of extraordinary circumstances created by COVID-19, courts have held that mistaken or misleading advice from court employees is sufficient to toll a filing period. *See Montgomery v. Comm'r. of Social Sec.*, 403 F. Supp. 3d 331, 341-42 (S.D.N.Y. 2018) (equitably tolling a filing period because a clerk told a pro se plaintiff that she could come back the "next week" to file her complaint); *Scary v. Phila. Gas Works*, 202 F.R.D. 148, 153 (E.D. Pa. 2001) (equitably tolling a filing period where a clerk's office employee's statement "had the effect of misleading the plaintiff"); *see also Smith v. Holder*, 806 F. Supp. 2d 59, 63-64 (D.D.C. 2011) (equitably tolling a filing period where the plaintiff failed to timely file her complaint because the plaintiff's agent misunderstood instructions on a courthouse sign).

Again, here, during an unprecedented state of emergency, Robinson—acting pro se—sought clarity from the court but received incorrect instructions from the clerk's office. *See* JA 59, 70. Accepting the totality of the facts as true and viewing them in the light most favorable to Robinson, this Court should hold that the circumstances warrant equitable tolling at this stage of the proceedings.

## Conclusion

This Court should vacate the district court's judgment and remand for further proceedings.

---

the Government's motions. JA 81-82 n.3; *compare* JA 59 (unsigned declaration), *with* JA 70 (signed declaration).

Respectfully submitted,

Charles Tucker, Jr.                     /s/ Brian Wolfman
TUCKER MOORE GROUP, LLP                 Brian Wolfman
8181 Professional Place, Suite 117      Esthena L. Barlow
Hyattsville, MD 20785                   Madeline Meth
(301) 577-1175                          GEORGETOWN LAW APPELLATE
                                           COURTS IMMERSION CLINIC
Matthew Calabrese                       600 New Jersey Ave., NW,
Holly Petersen                            Suite 312
Nathan Winshall                         Washington, D.C. 20001
    Student Counsel                     (202) 661-6582

                                        Counsel for Appellant Adam Robinson

October 13, 2022

21

## Certificate of Compliance

This document complies with Federal Rule of Appellate Procedure 32(g)'s type-volume limitation. In compliance with Rule 32(a)(7)(B), it contains 4,907 words, excluding the parts exempted by Rule 32(f) and Circuit Rule 32(e)(1), and it has been prepared in a proportionally spaced typeface using Palatino Linotype, 14-point, in Microsoft Word 2016.

/s/Brian Wolfman
Brian Wolfman
Counsel for Appellant

**Certificate of Service**

I certify that, on October 13, 2022, this brief was filed using the Court's CM/ECF system. All participants in the case are registered CM/ECF users and will be served electronically via that system. Eight paper copies of this brief will be filed with the Clerk of the Court.

/s/Brian Wolfman

Brian Wolfman

Counsel for Appellant